IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERVIE TERRELL M., § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | Case No. 3:23-cv-02602-BT | |
| § | | |
| COMMISSIONER OF SOCIAL § | | |
| SECURITY, § | | |
|    Defendant. § | | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is *pro se* Plaintiff Ervie Terrell M.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final decision by the Commissioner of Social Security denying his application for disabled adult child (DAC) benefits under Title II of the Social Security Act (the "Act"). Pl.'s Am. Compl., ECF No. 12. The parties have consented to the exercise of jurisdiction by the undersigned for all proceedings. *See* Special Order No. 3-350 (N.D. Tex. Sep. 11, 2023); *see also* ECF No. 9. For the reasons explained below, the Court AFFIRMS the Commissioner's decision.

### **Background**

Plaintiff filed his application for DAC benefits on his deceased father's earnings record in August 2021. Admin. R., ECF No. 16-1 at 196.[2] Plaintiff, who has

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Citations to the record refer to the CM/ECF page numbers at the top of each page rather than page numbers at the bottom of each filing.

1

a tenth-grade education, alleges that he was disabled as a result of paranoid schizophrenia beginning June 1, 1977, shortly before he turned 22 years old—on August 24, 1977. Admin. R., ECF No. 16-1 at 196, 210-11. Since 2009, Plaintiff has filed multiple applications for DAC benefits on the earnings record of his deceased father. Admin. R., ECF No. 16-1 at 40-41, 52, 57. Plaintiff has been receiving adult disability insurance benefits on his own earnings record since 1984. Admin. R., ECF No. 16-1 at 40.

      Plaintiff's claim for DAC benefits was denied initially and upon reconsideration. Admin. R., ECF No. 16-1 at 56, 70. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), explicitly requesting that his prison records from the Texas Department of Criminal Justice (TDCJ) be obtained. Admin. R., ECF No. 16-1 at 15-16. The ALJ conducted a telephonic administrative hearing on May 1, 2023.[3] Admin. R., ECF No. 16-1 at 26-38. At the hearing, the ALJ advised Plaintiff he would subpoena the medical records from the TDCJ. Admin. R., ECF No. 16-1 at 16, 34-35. In the subpoena, the ALJ requested "Medical/Treatment Records." Admin. R., ECF No. 16-1 at 16, 183. By letter dated May 10, 2023, in response to the subpoena, the ALJ was informed that Plaintiff's medical records/"protected health information" since July 17, 1977, had been destroyed in accordance with TDCJ Health Services Policy. Admin. R., ECF No. 16-1 at 16, 186-87.

---

[3] Due to circumstances presented by the COVID-19 pandemic, the ALJ was unable to conduct the hearing by video. Admin. R., ECF No. 16-1 at 15.

In his written decision, issued on June 26, 2023, the ALJ found Plaintiff was not disabled under the Act prior to August 24, 1977, when he attained the age of 22, and, therefore, not entitled to DAC benefits on the earnings record of his deceased father. Admin. R., ECF No. 16-1 at 21. Utilizing the five-step sequential evaluation,[4] the ALJ first found that Plaintiff had not engaged in substantial gainful activity from June 1, 1977, his alleged onset date, through the date of the ALJ's decision. Admin. R., ECF No. 16-1 at 18-19. At the second step, the ALJ found that there were "no medical signs or laboratory findings to substantiate the existence of a medically determinable severe impairment prior to August 24, 1977, the date the claimant attained age 22." Admin. R., ECF No. 16-1 at 21. Because the ALJ determined at step two that Plaintiff was not disabled, he ended the inquiry at step two and denied the Plaintiff's application for DAC benefits. Admin. R., ECF No. 16-1 at 21.

---

[4] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

Plaintiff requested review of the ALJ's 2023 decision and submitted additional evidence to the Appeals Council. Admin. R., ECF No. 16-1 at 5, 9. The Appeals Council found that the appeal did not provide a basis for modifying the ALJ's decision. Admin. R., ECF No. 16-1 at 5-8. Thereafter, Plaintiff, proceeding *pro se* and *in forma pauperis,* filed this case.

## Legal Standards

*A. DAC Benefits*

Every child of an individual entitled to old-age or disability insurance benefits is entitled to DAC benefits, if the child was unmarried and under a disability that began before she attained the age of 22 and was dependent upon the insured individual at the time of death or, if the individual is living, at the time the application was filed. 42 U.S.C. § 402(d)(1). Where the claimant is 18 years or older, as here, such benefits are referred to as DAC benefits. *Fabian v. Berryhill,* 734 F. App'x 239, 242 (5th Cir. 2018) (citing 20 C.F.R. § 404.350(a)).

An adult child claimant is "disabled" under the Act if, during the relevant time period, she was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

*B. Standard of Review*

The Court's "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the

4

record as a whole, and (2) whether the [ALJ] applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance.").

The ALJ, and not the courts, resolves conflicts in the evidence; the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923. If the Commissioner's findings are supported by substantial evidence, the findings are conclusive, and the Commissioner's decision must be affirmed. *Martinez*, 64 F.3d at 173. A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Nevertheless, the substantial evidence review is not an uncritical "rubber stamp" and requires "more than a search for evidence supporting the [ALJ's] findings." *Hill v. Saul*, 2020 WL 6370168, at *6 (N.D. Tex. Sept. 29, 2020) (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)), *adopted by*, 2020 WL 6363878 (N.D. Tex. Oct. 29, 2020) (Lindsay, J.). The Court "must scrutinize the

record and take into account whatever fairly detracts from the substantiality of the evidence supporting" the ALJ's decision. *Id.* (quoting *Martin,* 748 F.2d at 1031). A no-substantial-evidence finding is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Id.* (citation omitted).

## Analysis

As succinctly summarized by the Commissioner, the general issue before the Court "is whether substantial evidence and relevant legal standards support the Commissioner's decision that Plaintiff was not disabled under the Act prior to August 24, 1977, the date he attained age 22." Def.'s Br., ECF No. 21 at 1. As previously explained, in reaching the conclusion that Plaintiff was not disabled during the relevant time period, the ALJ found that no medical record evidence showed a medically determinable impairment prior to age 22. *See* Admin. R., ECF No. 16-1 at 21.

Liberally construed, Plaintiff raises two specific issues for review. First, he contends the ALJ erred when he issued a subpoena to obtain Plaintiff's medical/treatment records instead of his "entire prison record folder." *See* Pl.'s Am. Compl., ECF No. 12; Pl.'s Br., ECF No. 18. Second, Plaintiff contends that evidence he submitted to the Court warrants remand. *See* Pl.'s Additional Attachments to Compl., ECF No. 8; Pl.'s Am. Compl., ECF No. 12. In response, the Commissioner argues that Plaintiff "has failed to establish that substantial

evidence does not support the ALJ's decision, or that the ALJ made an error of law." Def.'s Br., ECF No. 21 at 7. For the reasons that follow, the Court agrees.

> *A. The ALJ did not err in issuing a subpoena to obtain medical/treatment records rather than Plaintiff's "entire prison record folder."*

At the administrative hearing, the ALJ acknowledged Plaintiff's multiple requests for the agency to obtain his prison records, and more specifically, for the ALJ to subpoena records since July 17, 1977, from the TDCJ. Admin. R., ECF No. 16-1 at 16, 19, 30, 32, 126, 251-55, 272, 291-92, 298, 300; Admin. R., ECF No. 16-2 at 1. In the subpoena, the ALJ requested "Medical/Treatment Records from July 17, 1977" and "any other evidence . . . relating to the above matter." Admin. R., ECF No. 16-1 at 16, 183. By a letter dated May 10, 2023, the ALJ was informed that Plaintiff's medical records/"protected health information" since July 17, 1977, had been destroyed in accordance with TDCJ Health Services Policy. Admin. R., ECF No. 16-1 at 16, 186-87.

Plaintiff asserts that the ALJ did not issue the proper subpoena to obtain his "entire prison record folder," and he states the entire folder would show the "beginning of" his disability, or that he "started treatment for mental health" prior to August 24, 1977. *See* Pl.'s Am. Compl., ECF No. 12 at 4-6; *see also* Admin. R., ECF No. 16-1 at 80-81, 126, 189-92, 254, 291-92; Admin. R., ECF No. 16-2 at 11. Plaintiff further maintains that his "entire prison record folder" would provide evidence of his behavior, discipline, diagnosis, "who was [sic] doctor when treatment began," and that he worked "a job that was set aside for inmate [sic] with

7

medical." *See* Pl.'s Am. Compl., ECF No. 12 at 5; *see also* Admin. R., ECF No. 16-1 at 79-80, 192; Admin. R., ECF No. 16-2 at 22-24.

Plaintiff misunderstands the ALJ's obligations to develop the record. It is true that "[t]he ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citation omitted). But, as the Commissioner points out in her response, "Plaintiff's contention overlooks the fundamental requirement to obtain disability benefits is for him to provide medical evidence of disability during the relevant period." Def.'s Br., ECF No. 21 at 4 (citing 20 C.F.R. § 404.1512(a)). *See* 20 C.F.R. § 404.1521 ("Your impairment(s) must result from anatomical, physiological, or psychological abnormalities than can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source.").

Here, the ALJ advised Plaintiff at the hearing that he "could not find the claimant disabled without adequate medical records to support his claim." Admin. R., ECF No. 16-1 at 16, 33-35, 37. And, the ALJ specifically stated that he had "fully complied with the duty to fully and fairly develop the record." Admin. R., ECF No. 16-1 at 16. Upon review of the entire record, the Court finds that, in accordance with 20 C.F.R. § 404.1512(b) and Social Security Ruling (SSR) 17-4p, the ALJ made every reasonable effort to help Plaintiff obtain medical evidence from his own medical sources and entities, including resorting to the use of a subpoena. *See* 20

C.F.R. § 404.1512(b) (explaining the agency's responsibility for obtaining evidence); SSR 17-4P, 2017 WL 4736894, at *5 (explaining the agency's duty to assist claimants in developing written evidence).

For these reasons, the Court determines that Plaintiff has failed to show that the ALJ made a legal error or violated agency policy in requesting Plaintiff's medical/treatment records, rather than his "entire prison record file."

Further, the Fifth Circuit has consistently held that reversal for an alleged failure to adequately develop the record is warranted only where a claimant can show that he was prejudiced. *See Brock,* 84 F.3d at 728-29 (citation omitted). In the absence of a showing of prejudice on the part of the claimant, an administrative decision should not be reversed. *See Shinseki v. Sanders,* 556 U.S. 396, 409 (2009) (reversal of an administrative decision on account of error is not automatic, but requires a determination of prejudice). Here, the Court agrees with the Commissioner that Plaintiff has not met his burden of demonstrating prejudice by showing that further developing the record to obtain his "entire prison record folder" "could and would have adduced evidence that might have altered the result." *See Brock,* 84 F.3d at 728-29 (citation omitted); *see also Jones v. Astrue,* 691 F.3d 730, 735 (5th Cir. 2012) ("A mere allegation that beneficial evidence might have been gathered . . . is insufficient to meet this burden [to show that prejudice resulted from an error].").[5]

---

[5] Even assuming the ALJ could have obtained Plaintiff's "entire prison record folder" by subpoena, Plaintiff has stated that folder would not contain medical

> B. *Additional evidence Plaintiff submitted to this Court does not warrant remand.*

With his Amended Complaint, Plaintiff submitted a May 15, 2015 letter from Kayla Strange at North Texas State Hospital and an August 26, 2013 "Individual Treatment History Report" from Terrell State Hospital. *See* Pl.'s Am. Compl., ECF No. 12 at 7-8. Plaintiff also attached these records to his Original Complaint. *See* Pl.'s Additional Attachments to Compl., ECF No. 8 at 2-3.

The Commissioner argues that this additional evidence does not warrant remand. Def.'s Br., ECF No. 21 at 5. The Court agrees.

The ALJ considered these additional records. *See* Admin. R., ECF No. 16-1 at 19-20; Admin. R., ECF No. 16-2 at 2-3. Upon review, he correctly noted, "[t]he dates of admission in both facilities are well after the date the claimant attained age 22 on August 24, 1977." Admin. R., ECF No. 16-1 at 20.

To warrant remand, evidence must first be "new" and not merely cumulative of what is already in the record. *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). In addition, "the evidence must be 'material'; it must be relevant, probative, and likely to have changed the outcome of the Secretary's determination." *Id.*

---

records for the relevant period prior to August 24, 1977. Admin. R., ECF No. 16-1 at 190-93; *id.* at 191 ("Please don[']t send for medical records[.] There or none[.]" [sic]). In addition, as previously noted, in response to the subpoena, the ALJ was informed that Plaintiff's medical records/"protected health information" since July 17, 1977, was destroyed in accordance with TDCJ Health Services Policy. Admin. R., ECF No. 16-1 at 186-87.

10

Because Plaintiff provided evidence to the Court that was cumulative of evidence in the record the ALJ considered, that evidence does not warrant remand. In any event, this evidence is not material, as it does nothing to establish that Plaintiff was disabled prior to August 24, 1977, when he turned 22. As such, this additional evidence does not warrant remand.

## Conclusion

The Commissioner applied the correct legal standard in evaluating Plaintiff's claim for DAC benefits, and his decision that Plaintiff failed to establish a disability during the relevant time is supported by substantial evidence. Accordingly, the Commissioner's decision is AFFIRMED.

**SO ORDERED.**

March 11, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE